## MANASSEH BROWN *vs.* COUNTY COMMISSIONERS OF ESSEX.

When selectmen refuse to lay out a way, and application is thereupon made to the county commissioners to lay it out, they have jurisdiction of such application, and may proceed thereon, although the selectmen, in the petition to them, were requested to discontinue an old way, (which they had no authority to do,) as well as to lay out a new one.

When a town way is laid out by county commissioners over land which A. has conveyed to B. by a deed not recorded, and B. does not make known to the commissioners his title and claim for damages, although he has an opportunity so to do, and they award damages to A. and not to B., a writ of *certiorari* will not be issued, on the petition of B., for the purpose of quashing the commissioners' proceedings.

WILDE, J. This is a petition for a writ of *certiorari* to the county commissioners to quash their proceedings in laying out a road in the town of Ipswich, which the selectmen of that town had refused to lay out. To the regularity of these proceedings several objections have been made, most of which are formal and technical ; and it is a well settled rule that on a petition for a writ of *certiorari*, the court will exercise a sound discretion, and will not grant it for mere technical

errors, unless it can be made to appear that injustice has been done to the petitioner. And this rule is especially important in cases relating to highways; as it must, in such cases, be presumed that the public convenience required such highways to be laid out, and that they would be laid out again, if the proceedings in laying them out should be quashed for mere technical errors.

It is objected, in this case, that the commissioners had no jurisdiction. If they had none, their proceedings would be merely void, and there would be no necessity for a writ of *certiorari* to quash them. But we think there can be no doubt that the commissioners had jurisdiction and full authority to lay out and establish the way in question. The objection is, that the application to the selectmen was for the laying out of a new way and the discontinuing of an old way, and that the selectmen had no power to discontinue the old way. This is true; but they had power to lay out a new way, and the town might afterwards discontinue the old way, or refuse to allow the new way. The application to the commissioners was in these terms: " The petition of the subscribers, inhabitants of the town of Ipswich, respectfully shows, that a town way, or private way, from the easterly end of Baker's Causeway, so called, in said Ipswich, across the marsh easterly to Humphrey Lakeman's land, at or near the southerly corner of his lot, called the Gin Lot, is required by the convenience and necessity of the inhabitants of said town, and that the old way should be discontinued; that many of said inhabitants have, in writing, requested the selectmen of said town to lay out such way, and that said selectmen have, within one year, unreasonably refused and neglected to lay out the same. The undersigned therefore pray that said way may be laid out agreeably to law in such case prov'ded."
This application was founded on the unreasonable refusal and neglect of the selectmen to *lay out the new way*. Of that application the commissioners had unquestionable jurisdiction. Rev. Sts. *c.* 24, § 71. And at their meeting to view the route, they required the applicants to elect whether then

application should be for a town way or private way, and (in the language of the commissioners) "they elected to confine themselves to a town way."

The principal objection to the commissioners' proceedings is, that no damages were awarded to the petitioner, as there ought to have been ; and this, if maintained by the evidence, certainly is a substantial objection to the proceedings. But we are of opinion that the evidence does not maintain the objection. Whether the petitioner is the owner of the land he claims, or not, does not very clearly appear, nor is it material ; for he did not make his claims known to the commissioners. His counsel testifies that he did state, before the commissioners, that the petitioner was an owner of a part of the land over which the road was proposed to be located. But the commissioners deny, in their answer, that any such claim was made known to them ; although they admit that it was said in the hearing of one of them, that Baker *and Brown* were owners of the land. And it is proved that the deed from Baker to Brown (the petitioner) was not recorded in the registry of deeds. Now, if the petitioner has been injured, the injury has been caused by his own laches in not making his claim and title known to the commissioners, so as to prevent any mistake. The commissioners awarded damages to Baker, who was the legal owner of the land claimed by the petitioner, as his title, derived from Baker, was not then completed. The petitioner was present before the commissioners, when they viewed the way and adjudged it to be for the convenience and necessity of the town, after public notice to all persons interested. He was bound then to make known his claim and title. No further notice to him was required. *Commonwealth* v. *County Commissioners of Berkshire,* 8 Pick. 343. *Inhabitants of New Salem, Petitioners,* 6 Pick. 470.

But it does not appear that the petitioner will suffer any damage by the mistake in the award of damages to Baker, if a mistake it were. If the petitioner had a good title from Baker, it would seem that Baker could only hold the sum, which was awarded as damages, in trust for the petitioner.

But as to this we express no opinion; for however this may be, there is no reason to believe that Baker would refuse to pay over the damages to his grantee, according to his equitable claim, as we understand it.

The other alleged errors in the proceedings of the commissioners are merely technical and formal, and do not require the court, in the exercise of a sound discretion, to grant the writ of *certiorari* prayed for.

*Petition dismissed.*

*Haskell & O. P. Lord,* for the petitioner.

*N. J. Lord,* for the respondents.